1

2

3

4

5

6

7

8

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION, its assignees and/or successors,** | ) ) ) | **1:12-CV-577  AWI BAM** |
| | ) | **ORDER REMANDING** |
| **Plaintiff,** | ) ) | **ACTION TO THE TUOLOMNE COUNTY** |
| | ) | **SUPERIOR COURT** |
| **v.** | ) | |
| | ) | |
| **EMAJEAN O'HARE and DOES 1-10 inclusive,** | ) ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) ) | |

Defendant Emajean O'Hare, who is proceeding pro se, removed this case from the Superior Court of Tuolomne County on April 13, 2012. See Court's Docket Doc. No. 1. Defendant asserts that the basis for removal is the presence of a federal question. Specifically, O'Hare contends that she filed a demurrer to Plaintiff's unlawful detainer complaint in which she alleged that Plaintiff failed to comply with 12 U.S.C. § 5220. It is the demurrer, and specifically the invocation of 12 U.S.C. § 5220, that Defendant asserts jurisdiction exists. See id.

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). The removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); Provincial Gov't of Marinduque v. Placer Dome,

<u>Inc.</u>, 582 F.3d 1083, 1087 (9th Cir. 2009).  It is presumed that a case lies outside the limited

jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party

asserting jurisdiction.  <u>Geographic Expeditions</u>, 599 F.3d at 1106-07; <u>Hunter v. Philip Morris</u>

<u>USA</u>, 582 F.3d 1039, 1042 (9th Cir. 2009).  "The strong presumption against removal

jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court."

<u>Hunter</u>, 582 F.3d at 1042; <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).  That is, federal

jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal

in the first instance."  <u>Geographic Expeditions</u>, 599 F.3d at 1107; <u>Duncan v. Stuetzle</u>, 76 F.3d

1480, 1485 (9th Cir. 1996); <u>Gaus</u>, 980 F.2d at 566.  "If at any time prior to judgment it appears

that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. §

1447(c); <u>Gibson v. Chrysler Corp.</u>, 261 F.3d 927, 932 (9th Cir. 2001).  Remand under 28 U.S.C.

§ 1447(c) "is mandatory, not discretionary."  <u>Bruns v. NCUA</u>, 122 F.3d 1251, 1257 (9th Cir.

1997); <u>see</u> <u>California ex. rel. Lockyer v. Dynegy, Inc.</u>, 375 F.3d 831, 838 (9th Cir. 2004).  That

is, the court "must dismiss a case when it determines that it lacks subject matter jurisdiction,

whether or not a party has filed a motion."  <u>Page v. City of Southfield</u>, 45 F.3d 128, 133 (6th Cir.

1995).

        "The presence or absence of federal question jurisdiction is governed by the 'well-

pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal

question is presented on the face of the plaintiff's properly pleaded complaint."  <u>California v.</u>

<u>United States</u>, 215 F.3d 1005, 1014 (9th Cir. 2000); <u>see</u> <u>Dynegy</u>, 375 F.3d at 838; <u>Duncan</u>, 76

F.3d at 1485.  Under the "well-pleaded complaint" rule, courts look to what "necessarily appears

in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in

anticipation of avoidance of defenses which it is thought the defendant may interpose."

<u>California</u>, 215 F.3d at 1014.  Accordingly, "a case may not be removed on the basis of a federal

defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede

that the federal defense is the only question truly at issue."  <u>Caterpillar, Inc. v. Williams</u>, 482

U.S. 386, 392 (1987); <u>Wayne v. DHL Worldwide Express</u>, 294 F.3d 1179, 1183 (9th Cir. 2002);

<u>see also</u> <u>Vaden v. Discover Bank,</u> 129 S. Ct. 1262, 1278 (2009) ("It does not suffice to show that

1  a federal question lurks somewhere inside the parties' controversy, or that a defense or

2  counterclaim would arise under federal law.").

3        Here, Defendant has not shown that removal was appropriate.  The complaint filed by

4  Plaintiff is an unlawful detainer action that is based entirely on state law.  As mentioned above,

5  Defendant relies on her demurrer to establish federal jurisdiction.  Defendant is attempting to

6  remove this case on the basis of a federal defense.  This is improper, as the defensive invocation

7  of 12 U.S.C. § 5220 cannot form the basis of this Court's jurisdiction.  See Vaden 129 S.Ct. at

8  1278; Caterpillar, 482 U.S. at 392; Wayne, 294 F.3d at 1183; California, 215 F.3d at 1014; Oates

9  Revocable Trust Dated June 23, 2003 v. Rizon, 2011 U.S. Dist. LEXIS 95547 (C.D. Cal. Aug.

10  23, 2011).  Because there is no federal question appearing in Plaintiff's complaint, Defendant has

11  failed to invoke this Court's jurisdiction.  Remand to the Tuolomne County Superior Court is

12  appropriate and mandatory.  28 U.S.C. § 1447(c); Geographic Expeditions, 599 F.3d at 1107;

13  Bruns, 122 F.3d at 1257; Page, 45 F.3d at 133.

14

15        Accordingly, IT IS HEREBY ORDERED that, as per 28 U.S.C. § 1447(c), due to this

16  Court's lack of subject matter jurisdiction, this case is REMANDED forthwith to the Superior

17  Court of Tuolomne County.

18  IT IS SO ORDERED.

19
Dated:    April 18, 2012

20                            CHIEF UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28